IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kim-Chee LLC and Yup Chagi Inc. d/b/a Master Gorino's Pil-Sung Tae-Kwon Do,<br><br>    Plaintiffs,<br><br>  v.<br><br>Philadelphia Indemnity Insurance Co., Philadelphia Consolidated Holding Corp. a/k/a Philadelphia Insurance Companies<br><br>    Defendant. | Case No. 1:20-cv-01136 |

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(b)(6)**

27994611.v1

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ........................................**Error! Bookmark not defined.**

II.    FACTUAL BACKGROUND ............................................................................3

III.   LEGAL STANDARD.....................................................................................5

IV.    ARGUMENT ..................................................................................................6

      A.     The Amended Complaint Fails To Meet the Requirements of
            Rule 8 or Rule 12(b)(6)...............................................................6

           1.     The Business Income And Extra Expenses Coverages
                Do Not Apply Because Plaintiffs Have Not Alleged A
                "Direct Physical Loss."..............................................7

           2.     The Civil Authority Coverage Does Not Apply Because
                Plaintiffs Have Not Alleged Any Facts Supporting That
                Coverage. ..................................................................11

           3.     Plaintiffs' Cannot Recover Under the SL Provision
                Because They Have Not, and Cannot, Allege a Covered
                Loss. ..........................................................................13

      B.     Plaintiffs' Claim Under General Business Law §349 Fails. ......................14

      C.     All Claims Against Philadelphia Holding Should Be
            Dismissed. ......................................................................15

V.     CONCLUSION..............................................................................................16

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*10E, LLC v. Travelers Indem. Co. of Connecticut*,
   No. 2:20-CV-04418-SVW-AS, 2020 WL 5359653 (C. D. Cal., Sept. 2, 2020)............9, 12, 13

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009)...............................................................................................................1

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).......................................................................................................... *passim*

*Ciser v. Nestle Waters N. Am. Inc.*,
   596 F. App'x 157 (3d Cir. 2015) .............................................................................................6

*Davis v. Family Court of Phila.*,
   No. CV 14-6840, 2015 WL 10937416 (E.D. Pa. Feb. 20, 2015)............................................6

*Dickie Brennan & Co. v. Lexington Ins. Co.*,
   636 F.3d 683 (5th Cir. 2011) ...........................................................................................11, 13

*Diesel Barbershop, LLC, et al. v. State Farm Lloyds*,
   No. Civ. 5:20-cv-00461-DAE (W.D. Tex., Aug. 13, 2020) .....................................................9

*Gavrilides Mgmt. Co. v. Michigan Ins. Co.*,
   No. 20-258-CB (Ingham County, MI Circuit Ct.) ................................................................10

*Golub v. Tanenbaum-Harber Co., Inc.*,
   88 A.D.3d 622 (1st Dept. 2011) .............................................................................................14

*Iannucci v. Allstate Ins. Co.*,
   354 F. Supp. 125 (N.D.N.Y. 2018)....................................................................................1, 8

*Kelaher, Connell & Conner, P.C. v. Auto-Owners Ins. Co.*,
   2020 WL 886120 (D.S.C. Feb. 24, 2020) ..............................................................................12

*Lava Trading Inc v. Hartford Fire Insurance Co.*,
   326 F. Supp. 2d 434, 438 (S.D.N.Y. 2004) ...........................................................................14

*Magee v. Paul Revere Life Insurance Co*,
   954 F. Supp. 582, 586 (E.D.N.Y. 1997) ................................................................................14

27994611.v1

*Malaube, LLC v. Greenwich Ins. Co.*,
    No. 20-22615-CIV, 2020 WL 5051581, at *7 (S.D. Fla. Aug. 26, 2020) ..............................10

*Mama Jo's, Inc. v. Sparta Ins. Co.*,
    No. 17-cv-23362, 2018 WL 3412974 (S.D. Fla. June 11, 2018).....................................2, 8, 11

*Mastellone v. Lightning Rod Mut. Ins. Co.*,
    175 Ohio App.3d 23 (Ohio Ct. App. 2008) .........................................................................11

*Menaker v. Hofstra Univ.*,
    935 F.3d 20 (2d Cir. 2019)....................................................................................................1

*Mortar and Pestle Corp. v. Atain Specialty Ins. Co.*,
    No. 20-cv-03461-MMC (N. D. Cal. Sept. 11, 2020) ............................................................10

*Mudpie, Inc. v. Travelers Casualty Insurance Company of America*,
    __ F. Supp. 3d __, 2020 WL 5525171 (N.D. Cal. Sept. 14, 2020)....................................10, 12

*Newman Myers Kreines Gross Harris, P.C. v. Great N. Ins. Co.*,
    17 F. Supp. 3d 323 (S.D.N.Y. 2014)......................................................................................8

*Northwestern Mut. Life Ins. Co. v. Wender*,
    940 F. Supp. 62, 65 (S.D.N.Y. 1996) ..................................................................................14

*Not Home Alone, Inc. v. Philadelphia Indem. Ins. Co.*,
    2011 WL 13214381 (E.D. Tex. Mar. 30, 2011) ....................................................................12

*Oral Surgeons, P.C. v. Cincinnati Ins. Co.*,
    No. 4-20-cv-222-CRW-SBJ, (S.D. Iowa Sept. 29, 2020) .......................................................10

*Pappy's Barber Shops, Inc. v. Farmers Frp., Inc.*,
    No. 20-CV-CAB-BLM, 2020 WL 5500221 (S.D. Cal. Sept. 11, 2020)..........................2, 10, 12

*Plan Check Downtown III, LLC, v. AmGuard Ins. Co.*,
    No. 2:20-cv-6954-GW-SK (C.D. Cal. Sept. 16, 2020).............................................................10

*Rose's 1, LLC v. Erie Insurance Exchange*,
    No. Civ. 2020 CA 002424 B, 2020 WL 4589206 (D.C. Super. Ct., Aug. 6, 2020) ...............10

*Sandy Point Dental, P.C. v. The Cincinnati Ins. Co.*,
    No. 20-CV-2160 (N.D. Ill. Sept. 21, 2020) ...........................................................................9

*Satispie, LLC v. Travelers Prop. Cas. Co. of Am.*,
    448 F. Supp. 3d 287 (W.D.N.Y. 2020)..................................................................................8

*Social Life Magazine, Inc. v. Sentinel Ins. Co.*,
    No. 20-cv-3311-VEC (S.D.N.Y.) ..................................................................................1, 2, 8

iii

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540, 1547 (2016) .................................................................16

*Syufy Enters. v. Home Ins. Co. of Ind.*,
    No. 94-cv-00756, 1995 WL 129229, at *2 (N.D. Cal. Mar. 21, 1995) .................................13

*The Inns by The Sea v. Cal. Mutual Ins. Co.*,
    No. 20CV001274 (Cal. Super. Ct., Aug. 4, 2020) ..................................10

*Ticheli v. Travelers Ins. Co.*,
    2015 WL 12734163 (N.D.N.Y. 2015).   .................................................3

*Turek Enterprises, Inc. v. State Farm Mut. Auto. Ins. Co.*,
    No. 20-11655, 2020 WL 5258484 (E.D. Mich. Sept. 3, 2020)................9

*Universal Image Prods., Inc. v. Federal Ins. Co.*,
    475 Fed. App'x. 569 (6th Cir. 2012) ..................................11

## Other Authorities

Federal Rules of Civil Procedure
    Rule 8 ...................................................................................1, 5, 6, 7
    Rule 8(a)(2)...........................................................................5, 7
    Rule 12(b)(6)............................................................. *passim*
    Rule 20 ...................................................................................6

2 Moore's Federal Practice § 12.34[1][b] at 12-61 (3d ed. 2003) ..................7

iv

## I.     PRELIMINARY STATEMENT

Plaintiffs Kim-Chee LLC, and Yup Chagi Inc. d/b/a Master Gorino's Pil-Sung Tae-Kwon Do ("Plaintiffs") seek coverage under a Commercial Lines insurance policy[1] issued by Philadelphia Indemnity Insurance Company ("PIIC").  Plaintiffs contend they are entitled to business income, extra expense, civil authority, and various other coverages under the Policy, alleging they suffered losses caused by COVID-19 generally "and/or the [government] orders" requiring Plaintiffs' business to close.  (Compl. ¶ 107.)

At the outset, the Complaint does not meet the *Twombly/Iqbal* pleading standard because it does not allege facts sufficient to state a plausible claim for relief under Rules 8 or 12(b)(6) of the Federal Rules of Civil Procedure.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-51 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-63 (2007).  The Policy requires, among other things, direct physical loss of or damage to property to trigger coverage. (Policy at 24 and 26 and 76.)  To establish direct physical loss or damage under applicable law, Plaintiffs must show that Covered Property suffered a demonstrable change or physical alteration. *See Iannucci v. Allstate Ins. Co.*, 354 F. Supp. 125, 140 (N.D.N.Y. 2018). When "the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration to the property," the requirement of a "physical loss" has not been met and no coverage exists. *Id.*; *Social Life Magazine, Inc. v. Sentinel Ins. Co*., No. 20-cv-3311-VEC, (S.D.N.Y.), transcript of May 14, 2020 hearing, (See Exhibit A, at p. 15 of Angelino Affirmation) (finding plaintiff had no likelihood of success on merits of business interruption claim related to COVID-19 where plaintiff had not

---

[1] Policy No. PHBOP016731, see attached Exhibit A to Angelino Affirmation, ECF No. 1-2 (the "Policy").  For ease of reference, citations to the Policy herein refer to the page number at the top right corner of ECF No. 1-2.  The Court may consider the Policy for purposes of this Motion under Rule 12(b)(6). *See Menaker v. Hofstra Univ.*, 935 F.3d 20, 28 (2d Cir. 2019) (citation omitted) (a "complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.").

1

shown damage to property that caused loss); *see also Mama Jo's Inc. v. Sparta Ins. Co*., No. 18-12887, 2020 WL 4782369, at *8 (11th Cir. Aug. 18, 2020) ("direct physical loss" requires actual change to property that requires repair or replacement, not merely cleaning).

Here, although Plaintiffs generically allege the "Virus is ubiquitous" and that unidentified "persons with [COVID-19]" were present at or near the Covered Property at unspecified times, these bald allegations do not state a plausible claim for relief. (Compl. ¶¶ 51-52, 58-59.)  Plaintiffs do not identify any property that has been lost or damaged, explain how that property was damaged, or state what repairs were required to remedy that damage.

Moreover, to the extent Plaintiffs' claims rely on government-issued closure orders, the civil authority coverage under the Policy requires that access to Plaintiffs' premises be prohibited by civil authorities ***in response to*** "direct physical loss of or damage to property" other than to the insured premises. (Policy at 26.)  Plaintiffs do not, and cannot, allege that the government orders upon which they rely were issued ***in response to*** any alleged physical loss or damage to particular property.  For these reasons, courts that have addressed this issue have dismissed similar COVID-19 claims because they do not allege physical loss or damage to property.  *See e.g.,* (*Social Life Magazine, Inc.*, No. 20-cv-3311-VEC, (S.D.N.Y.), transcript of May 14, 2020 hearing (Exhibit A to Angelino Affirmation), (a Southern District of New York court found that plaintiff had no likelihood of success on the merits of its COVID-19 claim because it failed to allege any physical change or alteration to its covered property)); *Pappy's Barber Shops, Inc. et al. v. Farmers Group, Inc. et al*., No. 20-CV-907-CAB-BLM, 2020 WL 5500221 (S.D. Cal. Sept. 11, 2020) (government orders prohibiting plaintiffs from operating business, and causing loss of use of premises, did not constitute direct physical loss or damage, as required to trigger coverage).

2

Further, Plaintiffs' claims under General Business Law §349 must be dismissed because Plaintiffs have not, and cannot, allege a violation of Section 349 separate and apart from their breach of contract claim. *Ticheli v. Travelers Ins. Co*., 2015 WL 12734163 (N.D.N.Y. 2015).

Finally, and independently, Plaintiffs' claims against Philadelphia Consolidated Holding Corp. a/k/a Philadelphia Insurance Companies ("Philadelphia Holding") should be dismissed because Philadelphia Holding did not issue the Policy; PIIC did. Philadelphia Holding has no relationship, contractual or otherwise, with Plaintiffs and thus cannot have breached the Policy or caused Plaintiffs' alleged injuries. Accordingly, Plaintiffs have no standing to sue Philadelphia Holding and the claims against it should be dismissed.

In sum, the allegations of the Complaint do not establish a plausible basis for relief in the face of the clear and unambiguous provisions of the Policy. For that reason, the Complaint fails to state a claim. Plaintiffs' claims seeking coverage fail as a matter of law and the Complaint should be dismissed in its entirety.

## II.    FACTUAL BACKGROUND

Plaintiffs operate "Master Gorino's Pil-Sung Tae Kwon-do," located in New York. (Compl., *generally*; Policy, 2, 11, 15.) The Policy issued by PIIC includes coverage for certain Business Income losses if Plaintiffs' operations are suspended as a result of "direct physical loss of or damage to" the insured premises (the "Business Income Coverage"). Specifically, the Business Income Coverage provides that PIIC:

> will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations during the period of restoration". ***The suspension must be caused by direct physical loss of or damage to property at premises which are described in the Declarations*** and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss.

(Policy at 25(emphasis added).)

Similarly, the Policy provides coverage for "Extra Expenses" incurred as a result of a **direct physical loss** ("Extra Expense Coverage") and defines "Extra Expenses" as expenses incurred:

> during the **"period of restoration"** that you would not have incurred if there had been no direct physical **loss or damage** to property . . . The loss or damage must be caused by or result from a **Covered Cause of Loss**.  (Emphasis added.)

(Compl. ¶ 25, Policy at 25.)  The Policy defines "Covered Causes of Loss" as "Risks of Direct Physical Loss" unless the loss is otherwise excluded. (Policy at 22.)  Thus, to establish coverage under the Business Income or Extra Expenses Coverage, Plaintiffs must plead facts showing it suffered a "direct physical loss."

Plaintiffs also rely on a portion of the Policy that provides additional coverage related to the action of a civil authority ("Civil Authority Coverage") (*see* Compl., ¶ 25.)  The Civil Authority Coverage covers business income and extra expense losses "caused by the action of civil authority that prohibits access to the described premises **due to direct physical loss of or damage to property**, other than at the described premises, caused by or resulting from any Covered Cause of Loss." (Emphasis added.) (Policy at 27 and 76.)

So, both the Business Expense Coverage and Extra Expense Coverage require Plaintiffs to establish "direct physical loss" to Plaintiffs' Covered Property.  Similarly, the Civil Authority Coverage requires Plaintiffs to establish that a civil authority barred access to the Covered Properties in response to direct physical loss or damage to other property.  (*See* Compl. ¶ 25.)  So, in all cases, direct *physical* loss of or damage to property is a prerequisite to coverage.

Finally, Plaintiffs seek coverage under the "Sue and Labor" provision of the Policy (the "SL Provision").  That provision provides that, "in the event of loss of or damage to Covered Property," the insured must "[t]ake all reasonable steps to protect the Covered Property from

further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim." (Policy at 34.) The SL Provision thus imposes a duty on the insured, but does not expand the coverage otherwise provided under the Policy, or obligate PIIC to pay for expenses unrelated to an otherwise uncovered loss.

Against that backdrop, Plaintiffs allege that unidentified "employees, customers, and/or vendors" were "exposed to," "tested positive for," "were otherwise diagnosed as infected with," or "exhibited symptoms consistent with" COVID-19. (Compl. ¶ 48.) Plaintiffs also allege the certain unidentified individuals "were instructed by civil authorities and/or their medical providers to self-isolate, quarantine, and/or suspend normal business operations." (Compl., ¶48.) Further, Plaintiffs allege that the insured property and unidentified "[p]roperty in the immediate area of its premises" were "exposed to" COVID-19," "could no longer be used or operated due to the orders of civil authorities," or had unidentified COVID-19 positive individuals at their locations. (Compl. ¶ 49, 50.) Plaintiffs do not allege that any of these unidentified individuals, or the "ubiquitous" nature of the virus in general, caused any actual, physical loss or damage to the Covered Property.

Further, Plaintiffs cite multiple government orders issued "in response to the Virus and/or [COVID-19]" (the "Civil Authority Orders"). (Compl. ¶¶ 7, 56, Exhibit C.) Plaintiffs allege that they "substantially ceased business operations in March 2020, as a result of the Virus, [COVID-19], and the [Civil Authority] Orders." (Compl. ¶ 63.)

On August 24, 2020, Plaintiffs filed this two-count suit. In Count I, Plaintiffs allege PIIC breached the Policy and seek declaratory relief. (Compl. ¶ 116-32.) In Count II, Plaintiffs allege violations of state business law. (Compl. ¶¶ 133-57.) Plaintiffs seek treble damages for this alleged conspiracy to deny claims as a "uniform decision to deny all claims arising from" COVID-19. (Compl. ¶¶ 133-57.)

## III.   LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Failure to plead sufficient facts to state a claim to relief that is "plausible on its face" warrants dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It is a plaintiff's burden to show its "entitlement to relief" with more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Although a Rule 12(b)(6) motion to dismiss accepts the complaint's well-pleaded factual allegations as true for purposes of the motion, the Court is not required to accept mere conclusions or "bare assertions … amounting to nothing more than a 'formulaic recitation' of the elements" of a claim. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949, citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Conclusory allegations are not entitled to the assumption of truth and must be disregarded. *Ciser v. Nestle Waters N. Am. Inc.*, 596 F. App'x 157, 163 (3d Cir. 2015); *Davis v. Family Court of Phila.*, No. CV 14-6840, 2015 WL 10937416, at *1, n.1 (E.D. Pa. Feb. 20, 2015).

Applying those standards here, and as more fully set forth below, Plaintiffs' Amended Complaint must be dismissed for failure to state a claim.

## IV.   ARGUMENT

### A.   The Amended Complaint Fails To Meet the Requirements of Rule 8 or Rule 12(b)(6).

Although Plaintiffs seek coverage under a property insurance policy that requires a "direct physical loss" to property as a prerequisite to coverage, Plaintiffs plead no facts describing any physical change, alteration, or damage to the Covered Properties. Instead, the Complaint

27994611.v1

repeatedly parrots the phrase "direct physical loss" without explaining what that loss is or how either the pandemic or governmental emergency orders could have (much less did) physically or materially damaged the Covered Property.  Indeed, although Plaintiffs vaguely allege that unidentified "employees, customers, and/or vendors" were "exposed to," "tested positive for," "were otherwise diagnosed as infected with," or "exhibited symptoms consistent with" COVID-19 and were "instructed by civil authorities and/or their medical providers to self-isolate, quarantine, and/or suspend normal business operations," Plaintiffs do not allege how those vague facts caused any physical loss or damage to any particular property. (Compl. ¶ 48.)  Plaintiffs do not identify any covered property that suffered a physical change *at all*, but instead repeatedly recite the phrase "direct physical loss of and/or damage to property" and conclusorily assert that the "presence of the Virus" itself somehow constitutes direct physical loss of and/or damage to property, without providing any facts supporting that bald legal conclusion.  (*Id.* ¶¶ 54, 58, 63.)

These threadbare and conclusory allegations are insufficient to state a claim and fall far short of *Twombly's* requirement that the complaint contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  *See also Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("bare assertions, much like the pleading of conspiracy in *Twombly*, amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim" cannot withstand Rule 12(b)(6) motion to dismiss)).

1. **The Business Income And Extra Expenses Coverages Do Not Apply Because Plaintiffs Have Not Alleged A "Direct Physical Loss."**

Apart from the Complaint's Rule 8 deficiencies, Plaintiffs' allegations--even if accepted as true for purposes of this Motion--do not establish coverage under the Business Income or Extra Expense Coverage.  The Policy provides that PIIC will only pay for Business Income or Extra Expense losses sustained when operations are suspended due to "**direct physical loss of or**

**damage to property at the described premises**." (Emphasis added.) (Policy at 24, 25.) Thus, to establish coverage under the Business Income or Extra Expenses Coverage, Plaintiffs must plead *facts* showing that they suffered an actual "direct physical loss or damage." (Policy at 24, 25.)

To establish physical loss or damage to property, Plaintiffs must show "distinct, demonstrable, physical alteration or change in condition" of their insured property. *Newman Myers Kreines Gross Harris, P.C. v. Great N. Ins. Co.*, 17 F. Supp. 3d 323, 328 (S.D.N.Y. 2014) (policy holder carries burden of showing coverage applied); *Iannucci*, 354 F. Supp. 3d at 141 (citing "Physical" loss or damage, 10A Couch on Ins. § 148:46 ("The requirement that the loss be 'physical,' given the ordinary definition of that term, is widely held to exclude alleged losses that are intangible or incorporeal and, thereby, to preclude any claim against the property insurer when the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration of the property.")). New York courts have interpreted identical policy language – "risks of direct physical loss" – to mean "some form of actual, physical damage" to the insured property. *Satispie, LLC v. Travelers Prop. Cas. Co. of Am.*, 448 F. Supp. 3d 287, 293 (W.D.N.Y. 2020); *see also Newman Myers Kreines Gross Harris, P.C.*, 17 F. Supp. 3d at 330 (finding direct physical loss requires plaintiffs to show "closure of a building due to either a physical change for the worse in the premises . . . or a newly discovered risk to its physical integrity.") (citations omitted); *Mama Jo's, Inc. v. Sparta Ins. Co.*, No. 17-cv-23362-KMM, 2018 WL 3412974, at *9 (direct physical loss "contemplates an actual change in insured property then in a satisfactory state, occasioned by accident or other fortuitous event directly upon the property causing it to become unsatisfactory for future use or requiring that repairs be made to make it so.").

Indeed, in *Social Life Magazine, Inc. v. Sentinel Ins. Co.*, No. 20-cv-3311-VEC, (S.D.N.Y.), transcript of May 14, 2020 hearing, (See attached Exhibit A to Angelino Affirmation),

8

a Southern District of New York court found that the plaintiff had no likelihood of success on the merits of its COVID-19 claim because it had failed to allege any physical change or alteration to its covered property.

And the overwhelming majority of courts throughout the country have ruled similarly. *See e.g. Diesel Barbershop, LLC v. State Farm Lloyds,* No. 5:20-CV-461-DAE, 2020 WL 4724305, at *7 (W.D. Tex. Aug. 13, 2020) ("While there is no doubt that the COVID-19 crisis severely affected Plaintiff's business, [the insurer] cannot be held liable to pay business interruption insurance on these claims as there was no direct physical loss."); *10E, LLC v. Travelers Indem. Co. of Connecticut*, No. 2:20-CV-04418-SVW-AS, 2020 WL 5359653, at *5 (C.D. Cal. Sept. 2, 2020) (economic loss caused by civil authority orders issued in response to COVID-19 generally do not establish coverage under policy requiring direct physical loss or damage to property); *Turek Enter., Inc. v. State Farm Mut. Auto. Ins. Co., State Farm Fire and Cas. Co*., 20-11655, 2020 WL 5258484, *5-8 (E.D. Mich. Sept. 3, 2020) (dismissing plaintiff's claims on grounds that "direct physical loss" requires "some tangible damage to Covered Property" and that inability to use the Covered Property due to civil authority orders issued in response to COVID-19 did not constitute such a loss); *Sandy Point Dental, PC v. Cincinnati Ins. Co*., No. 20 CV 2160, 2020 WL 5630465, at *2 (N.D. Ill. Sept. 21, 2020) ("The critical policy language here—'direct physical loss'—unambiguously requires some form of actual, physical damage to the insured premises to trigger coverage. The words 'direct' and 'physical,' which modify the word 'loss,' ordinarily connote actual, demonstrable harm of some form to the premises itself, rather than forced closure of the premises for reasons extraneous to the premises themselves, or adverse business consequences that flow from such closure.").[2]

---

[2] *See also Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's London,* No. 8:20-cv-1605-T-30AEP, (M.D. Fla. Sept. 28, 2020) (dismissing COVID-19 claim and reasoning that "physical

27994611.v1

As in the cases listed above, the Complaint is devoid of any well-pleaded facts establishing any physical loss to its own Covered Property or other property. Beyond Plaintiffs' bare bones recitation of the words "physical loss or damage," the Complaint does not describe or identify any alteration, damage, or change caused by the virus at Plaintiffs' Covered Property.  *See Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65 (dismissing claim where allegations merely tracked conspiracy requirement); *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949, citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 ("bare assertions … amount[ing] to nothing more than a 'formulaic recitation of the elements'" of a claim do not withstand Rule 12(b)(6) motion to dismiss).

---

loss" requires "actual, concrete damage."); *Malaube, LLC v. Greenwich Ins. Co.,* No. 20-22615-CIV, 2020 WL 5051581, at *7 (S.D. Fla. Aug. 26, 2020) (recommending dismissing COVID-19 claim where insured pled only economic loss arising from loss of use, and did not allege any physical change); *The Inns by The Sea v. Cal. Mutual Ins. Co.*, No. 20CV001274 (Cal. Super. Ct., Aug. 4, 2020), attached to Angelino Affirmation as **Exhibit B** (sustaining a demurrer without leave to amend based on language of the policy, which included a requirement of direct physical loss); *Rose's 1, LLC v. Erie Ins. Exchange*, No. 2020 CA 002424 B, 2020 WL 4589206, at *4 (D.C. Super. Aug. 06, 2020) (granting insurer's motion for summary judgment against plaintiffs claim for COVID-19 related losses because "the mayor's orders did not have any effect on the material or tangible structure of the insurer properties"; and explaining that "in the context of property insurance, the term 'direct loss' implies some form of direct physical change to the insured property."); *Gavrilides Mgmt. Co. v. Michigan Ins. Co*., No. 20-258-CB, (Ingham County, MI Circuit Ct.), transcript of July 1, 2020 hearing, attached to Angelino Affirmation as **Exhibit C**, at 18-23 (granting summary disposition of business interruption claim, without opportunity for leave to amend, arising from COVID-19 pandemic and finding "direct physical loss" "has to be something with material existence. . . . that alters the physical integrity of the property."); *Pappy's Barber Shops, Inc. et al. v. Farmers Group, Inc. et al*., No. 20-CV-907-CAB-BLM, 2020 WL 5500221 (S.D. Cal. Sept. 11, 2020) (government orders prohibiting plaintiffs from operating business, and causing loss of use of premises, did not constitute direct physical loss or damage, as required to trigger coverage); *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am*., No. 20-CV-03213-JST, 2020 WL 5525171, at *5 (N.D. Cal. Sept. 14, 2020) (dismissing complaint because Business Income and Extra Expense coverage did not extend to losses caused by inability to occupy storefront; and because there were no allegations of a physical force which "induced a detrimental change in the property's capabilities," there was no "direct physical loss of property" under the policy); *Plan Check Downtown III, LLC v. AmGuard Ins. Co. et al*., No. CV 20-6954, 2020 WL 5742712, at *5-6 (C.D. Cal. Sept. 16, 2020) (attaching tentative ruling dismissing claims because complaint did not allege facts to show a tangible alteration and thus no "direct physical loss of or damage to property"); *Mortar and Pestle Corp. v. Atain Specialty Ins. Co*., No. 20-cv-03461-MMC, (N. D. Cal. Sept. 11, 2020), Transcript and Order attached to Angelino Affirmation as **Exhibit D** (plaintiff had alleged only "detrimental economic impact," not physical loss or damage); *Oral Surgeons, P.C. v. Cincinnati Ins. Co*., No. 4-20-cv-222-CRW-SBJ, (S.D. Iowa Sept. 29, 2020), Order attached to Angelino Affirmation as **Exhibit E** (dismissing claim alleging loss arising from government orders, finding no "physical" loss or damage)

And, even if Plaintiffs had provided those details, the mere presence of the Coronavirus would not render the Covered Properties unusable, unsuitable or unsafe – much less have caused "physical damage" to the property.  At most, the presence of the Coronavirus would have required cleaning or sanitizing – a purely economic loss that the courts have recognized is ***not*** physical loss or damage to property."  *See Mama Jo's, Inc. v. Sparta Ins. Co.*, 2018 WL 3412974, at *9 ("cleaning is not considered direct physical loss"); *Universal Image Prods., Inc. v. Federal Ins. Co.*, 475 Fed. App'x. 569, 573-74 (6th Cir. 2012) (economic losses from cleaning and remediation expenses sustained due to contamination of mold and bacteria did not constitute physical damage because the building itself was not physically damaged); *Mastellone v. Lightning Rod Mut. Ins. Co.*, 175 Ohio App.3d 23, 884 N.2d 1130, 1144 (Ohio Ct. App. 2008) (mold on exterior siding of house was not "physical damage" because it could be removed by ***cleaning*** with bleach).

Accordingly, even taking the well pleaded facts of Plaintiffs' Complaint as true, Plaintiffs fail to state a claim.

### 2. The Civil Authority Coverage Does Not Apply Because Plaintiffs Have Not Alleged Any Facts Supporting That Coverage.

Mirroring similar requirements found in the Business Income and Extra Expense Coverage, the Civil Authority Coverage requires that access to Plaintiffs' premises be prohibited by civil authorities ***in response to*** "direct physical loss of or damage to property" other than the insured premises. (Policy at 26.)

Accordingly, to establish coverage, Plaintiffs must show "distinct, demonstrable, physical alteration" of property other that its own, resulting in an order from civil authority prohibiting access to the insured premises.  *See Dickie Brennan & Co. v. Lexington Ins. Co.*, 636 F.3d 683, 685 (5th Cir. 2011) (interpreting an almost identical coverage provision and holding that "the action of civil authority prohibiting access to the described premises must be caused by direct

11

physical loss of or damage to property other than at the described premises; and [] the loss or damage to property other than the described premises must be caused by or result from a covered cause of loss as set forth in the policy."); *Kelaher, Connell & Conner, P.C. v. Auto-Owners Ins. Co.*, 2020 WL 886120, 8 (D.S.C. Feb. 24, 2020); *Not Home Alone, Inc. v. Philadelphia Indem. Ins. Co.*, 2011 WL 13214381, 6 (E.D. Tex. Mar. 30, 2011).

Here, Plaintiffs have alleged no *facts* establishing any loss or damage to any property other than Plaintiffs'.[3] *See 10E, LLC*, 2020 WL 5359653, at *6 (dismissing civil authority claim where plaintiff conclusorily pled damage to surrounding property, but neither identified any specific property nor described any specific loss or damage, and reasoning that mere "mere possibility" of damage to other property was not enough to state claim); *see also Pappy's Barber Shops*, 2020 WL 5500221, at *6 (dismissing claim for civil authority coverage where plaintiff failed to identify any property, other than insured property, that suffered loss or damage).

Moreover, Plaintiffs do not allege that the government orders upon which they rely were issued in response to physical loss or damage to property elsewhere, as they must to trigger coverage.  (Policy at 76 (to trigger coverage, civil authority order must prohibit access to property "***due to***" direct physical loss of or damage to property at another location) (Emphasis added.).)

In the absence of a direct nexus between a civil authority "shut down" order and actual damage to the insured property (or nearby property), courts have found that no coverage exists in analogous situations.  *See Pappy's Barber Shops*, 2020 WL 5500221, at *6 (finding government orders were not issued due to physical loss or damage other than at covered premises); *Mudpie*, 2020 WL 5525171, at *7 (dismissing claim for civil authority coverage where government orders

---

[3] Mirroring its conclusory allegations regarding physical loss or damage to insured premises, Plaintiffs conclusorily allege that other properties have suffered physical loss or damage, though they offer no facts to support those bald legal conclusions and do not even identify the properties allegedly lost or damaged.

were issued to prevent spread of disease, and not in response to any specifically pled property damage); 10E, LLC, 2020 WL 5359653, at *6 (dismissing civil authority claim where plaintiff failed to "articulate any facts connecting the alleged property damage [at other locations] to restrictions on in-person dining" at plaintiff's business); *see also e.g.*, *United Air Lines*, 439 F. 3d at 134-135 (civil authority coverage not available for airport closure ordered after September 2011 terrorist attacks even though nearby Pentagon was damaged, since "the government's … decision to halt operations at the Airport … was based on fears of future attacks" and not upon "damage to adjacent premises").[4]

For all these reasons, Civil Authority Coverage does not apply.

### 3.    Plaintiffs' Cannot Recover Under the SL Provision Because They Have Not, and Cannot, Allege a Covered Loss.

To the extent Plaintiffs seek independent coverage under the SL Provision, their claim fails because, for the reasons set forth above, Plaintiffs have not alleged facts that would establish "direct physical loss or damage" to property. The SL Provision requires Plaintiffs to "[t]ake all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim." (Policy at 34.)  It imposes no independent coverage obligation on PIIC, and certainly does not require PIIC to pay any amounts related to losses that are not otherwise covered under the Policy.  As discussed above, and even taking Plaintiffs' allegations as true, Plaintiffs have not

---

[4] *See also Dickie Brennan & Co., Inc.*, 636 F.3d at 685-686 (civil authority coverage not available to restaurateur when Mayor of New Orleans issued mandatory evacuation order in response to approaching hurricane; even though hurricane damaged other property in the Caribbean, evacuation order issued because of "possible future storm surge, high winds, and flooding" and not because of "physical damage to property, either distant property in the Caribbean or property in Louisiana"); *Syufy Enters. v. Home Ins. Co. of Ind.*, No. 94-cv-00756, 1995 WL 129229, at *2 (N.D. Cal. Mar. 21, 1995) (civil authority coverage not available to theatre owners where theatre access was limited due to dawn-to-dusk curfews in response to rioting following the Rodney King verdict; curfews were imposed to prevent potential looting and rioting and not because of damage to adjacent property).

27994611.v1

alleged a covered loss under the Policy and thus the SL Provision does not apply.

**B.      Plaintiffs' Claim Under General Business Law §349 Fails.**

To state a claim under General Business Law §349, Plaintiffs must allege (1) actual practices that are consumer oriented, (2) that such acts or practices are deceptive or misleading in a material way, and (3) injury by reason of such acts. *Lava Trading Inc v. Hartford Fire Insurance Co*, 326 F. Supp. 2d 434, 438 (S.D.N.Y. 2004). Where a claim under General Business Law §349 accompanies a breach of contract claim, however, the alleged harm caused by the violation of the statute must be distinct from the injury or damage incurred as a result of the breach of contract. Otherwise, a plaintiff would effectively be permitted to convert almost any "garden variety" breach of contract cause of action into a claim under this statute. *Magee v. Paul Revere Life Insurance Co*, 954 F. Supp. 582, 586 (E.D.N.Y. 1997).

Here, Plaintiffs fail to allege any of the required elements under Section 349. Further, Plaintiffs' Section 349 claim is inseparable from their breach of contract claim. Plaintiffs seek coverage under the Policy. They allege no independent injury beyond PIIC's failure to provide the coverage they contend they are owed. Indeed, as discussed above, the Complaint contains nothing more than vague, conclusory allegations that Defendants "did not make coverage determinations based upon the particular facts and circumstances presented" and that, "[u]pon information and belief, defendants' made the uniform decision to deny all claims arising from the Virus." (Compl., ¶ 137) Aside from these speculative legal conclusions, Plaintiffs do not allege any wrongful acts as to consumers at large. *Ticheli v. Travelers Ins. Co.*, 2015 WL 12734163, *3 (N.D.N.Y. 2015). (bald, conclusory allegations that insurer's conduct toward Plaintiff "was in keeping with its practices to the 'public at large' . . . are nothing more than unsupported speculation and are insufficient to support a plausible GBL § 349 claim"); *Golub v. Tanenbaum-Harber Co., Inc.*, 88 A.D.3d 622 (1st Dept. 2011) (plaintiff's "conclusory allegations about defendant's practices

14

with other clients are insufficient to save the claim" under General Business Law § 349); *Northwestern Mut. Life Ins. Co. v. Wender*, 940 F. Supp. 62, 65 (S.D.N.Y. 1996) ("Conclusory allegations are insufficient to withstand a motion to dismiss."). PIIC's conduct towards Plaintiffs was based on facts applicable only to Plaintiffs (*i.e.*, the facts and circumstances of the loss and the parties' conduct during the course of PIIC's investigation), and therefore can have no "broad" consumer impact bringing it within General Business Law § 349's purview.

At issue here is PIIC's handling of Plaintiffs' claim for Business Income Coverage and Extra Expenses Coverage. Plaintiffs cannot show, or even allege, a "public wrong" under General Business Law §349. This lawsuit involves nothing more than a private dispute between PIIC and Plaintiffs in connection with a claim asserted by Plaintiffs under the Policy. Plaintiffs fail to allege any specific acts constituting wrongs to consumers at large as is required by the statute other than in a speculative, conclusory fashion. *See Ticheli*, 2015 WL 12734163. As a result, Plaintiffs' claim based on General Business Law § 349 must be dismissed.

Plaintiff's allegation that "Defendants' actions are consumer oriented inasmuch as the disclaimer letter issued to Plaintiffs consisted of a generic, pre-determined analysis that all claims related to the Virus, CV-19, and the CA Orders were denied," (Compl., ¶ 144) is conclusory, unsupported, and an unpersuasive attempt to convert this beyond the private contract dispute that it is. This claim is inapplicable to the facts and damages alleged herein. As such, it must be dismissed.

C.     **All Claims Against Philadelphia Holding Should Be Dismissed.**

All of Plaintiffs' claims should be dismissed for the reasons set forth above. Plaintiffs' claims against Philadelphia Holding, however, should be dismissed for an independent reason: it did not issue the Policy that Plaintiffs contend was breached. To have standing to assert a claim,

15

the alleged harm must be "fairly traceable to the challenged action of the defendant[.]"  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

Plaintiffs' claims arise from Policy issued by PIIC.  (*See* Compl., at <u>Ex. A</u>.)  Philadelphia Holding is not party to the Policy.  It did not--and could not--breach a contract to which it is not a party and under which it therefore has no obligation to perform.  Nor can Philadelphia Holding be said to have caused the injury Plaintiffs allege.  Thus, Plaintiffs lack standing to sue Philadelphia Holding because a judgment against it would not redress Plaintiffs' claimed injury.  For this independent reason, all claims against Philadelphia Holding should be dismissed.

## V.    CONCLUSION

For all the reasons set forth above, the Complaint should be dismissed in its entirety.

Respectfully,

/s/    *Sharon Angelino*
Sharon Angelino, Esq.
Goldberg Segalla, LLP
*Local Counsel for Defendant,*
*Philadelphia Indemnity Insurance Company*
665 Main Street
Buffalo, New York 14203
P: (716) 566-5400
E: sangelino@goldbergsegalla.com

Richard L. Fenton (*awaiting admission pro hac vice*)
Dentons US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL  60606
P: (312) 876-8000
F: (312) 876-7934

Jeffrey A. Zachman (*awaiting admission pro hac vice*)
Dentons US LLP
303 Peachtree St., NE Suite 5300
Atlanta, GA  30308
P: (404) 527-4000
F: (404) 527-4198

*Attorneys for Defendant,*
*Philadelphia Indemnity Insurance Company*

Dated:  October 8, 2020

16