# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kim-Chee LLC and Yup Chagi Inc. d/b/a Master Gorino's Pil-Sung Tae-Kwon Do,<br><br>Plaintiffs,<br><br>v.<br><br>Philadelphia Indemnity Insurance Co., Philadelphia Consolidated Holding Corp. a/k/a Philadelphia Insurance Companies<br><br>Defendants. | Case No. 1:20-cv-01136 |

## OPPOSITION TO PLAINTIFFS' MOTION TO EXCEED PAGE LIMITS

Plaintiffs' Motion to Exceed Page Limits, ECF No. 13, should be denied. On October 8, 2020, Defendants filed a sixteen (16) page Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint. *See* ECF No. 12-7. Defendants' memorandum was well within the twenty-five (25) page limit provided by the Local Rules for the Western District of New York. *See* L.R. W.D.N.Y. 7(a)(1)(C).

In response, Plaintiffs sought leave to file a forty-five (45) page response brief that would almost double that page limit. *See* DE 13 at 1. On October 22, 2020, before the Court could rule on Plaintiffs' Motion, and without leave, Plaintiffs filed a forty-five (45) page Response Brief. *See* ECF No. 17-26.

Although Defendants would not oppose a modest extension of the page limits as a matter of professional courtesy, Plaintiffs' requested extension--and the Response Brief they filed without leave--are unreasonable and prejudice Defendants. Not only does Plaintiffs' Response Brief

exceed this District's page limit by *twenty (20) pages*, it is almost *three times* as long as Defendants' opening brief. *Compare* ECF No. 12-7 *to* ECF No. 17-26.

Further, Plaintiffs have submitted no good cause for such a drastic extension of the page limits. This is a breach of contract action. And, although there is a significant body of developing case law holding that COVID-19 business interruption claims cannot survive a motion to dismiss, Defendants succinctly addressed that case law (and specifically the most relevant portions thereof), well within the page limits provided by the Local Rules. Plaintiffs' Motion to Exceed Page Limits sets forth no reason why Plaintiffs cannot do the same.

Moreover, replying to Plaintiffs' forty-five (45) page Response Brief, as currently filed, prejudices Defendants. Under the Local Rules, Defendants' reply is limited to ten (10) pages. L.R. W.D.N.Y. 7(a)(1)(C). Plaintiffs' Response Brief is therefore almost twenty (20) pages longer than Defendants' opening memorandum and allowable reply brief *combined.*

For all these reasons, the Court should deny Plaintiffs' Motion to Exceed Page Limits. ECF No. 13. Further, because Plaintiffs filed a Response Brief that exceeds the page limits by twenty (20) pages without leave to do so, Defendants request that the Court extend the deadline for Defendants to file a reply brief (currently due on November 5, 2020) until 14 days after the latter of:

> (1) the date the Court rules on Plaintiffs' Motion to Exceed Page Limits, ECF No. 13, or;
>
> (2) the date Plaintiffs refile a Response Brief that complies with the Local Rules or this Court's Order.

Dated: October 28, 2020

Respectfully,

*/s/ Sharon Angelino*
Sharon Angelino, Esq.
Goldberg Segalla LLP
*Local Counsel for Defendants,*
*Philadelphia Indemnity Insurance Co. and Philadelphia Consolidated Holding Corp. a/k/a Philadelphia Insurance Company*
665 Main Street
Buffalo, New York 14203
Telephone: 716-566-5400

Richard L. Fenton (admitted *pro hac vice*)
Dentons US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Telephone: 312.876.8000
Facsimile: 312.876.7934

Jeffrey A. Zachman (admitted *pro hac vice*)
Dentons US LLP
303 Peachtree St., NE Suite 5300
Atlanta, GA 30308
Telephone: 404.527.4000
Facsimile: 404.527.4198