UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| |
|---|
| KIM-CHEE LLC and <br> YUP-CHAGI INC. d/b/a MASTER GORINO'S <br> PIL-SUNG TAE-KWON-DO <br><br> Plaintiffs, <br><br> - v - <br><br> PHILADELPHIA INDEMNITY INSURANCE <br> COMPANY, <br> PHILADELPHIA CONSOLIDATED HOLDING <br> CORP. a/k/a PHILADELPHIA INSURANCE <br> COMPANIES, <br><br> Defendants. | REPLY IN FURTHER SUPPORT <br> OF MOTION FOR <br> <u>EXTENSION OF PAGE LIMITS</u> <br><br> Civ. Action No.: <br> 1:20-cv-01136-CCR <br><br> *Hon. Christina Reiss, Presiding* <br><br> JURY TRIAL DEMANDED |

Plaintiffs Kim-Chee LLC and Yup-Chagi Inc. d/b/a Master Gorino's Pil-Sung Tae-Kwon-Do (collectively "Plaintiffs"), by and through their attorneys, Duke Holzman Photiadis & Gresens LLP, submit this Reply in further support of their motion for an Order extending the page limits for Plaintiffs' brief in opposition to the Motion to Dismiss pursuant to Western District of New York Local Rule 7(a)(2)(C).

Simply put, Defendants' motion to dismiss Plaintiffs' claims is a hotly-litigated, complex area of law that requires briefing of various differing issues. The issues raised in this motion will have an impact on millions of policyholders statewide, and indeed nationwide. Moreover, Defendants moved to dismiss Plaintiffs' claims on a variety of theories, all of which Plaintiffs are obligated to fully oppose to ensure their rights are protected.

Defendants set forth three (3) main points as to why Plaintiffs' motion for a page extension to forty-five (45) pages should be denied (each of which are addressed below): (1) Plaintiffs'

extension prejudices Defendants; (2) there is allegedly no good cause for Plaintiffs' motion; and (3) Plaintiffs purportedly filed their brief without leave.

Plaintiffs purported extension does not prejudice Defendants. Plaintiffs would consent to a page extension for Defendants to fully brief their arguments in Reply. The instant issue is important, involves evolving case law, and, as such, each party should be able afforded the opportunity to brief the Court appropriately.

Plaintiffs also have good cause for their motion for a page extension to forty-five (45) pages. Beyond needing the page extension to properly address each and every issue, there are numerous cases pending before this very Court dealing with the very disputes at issue in Defendants' motion. See, e.g., Hutch & Assocs., Inc. v. Erie Ins. Co. of N.Y., (W.D.N.Y. Index No. 1:20-cv-00896-GWC) (*Hon. Geoffrey Crawford, Presiding*) (hereinafter "Hutch"); Buffalo Xerographix Inc. v. The Hartford Ins. Grp., (W.D.N.Y. Index No. 1:20-cv-00520) (*Hon. Geoffrey Crawford, Presiding*); Salvatore's Italian Gardens, Inc. v. Hartford Fire Ins. Co., (W.D.N.Y. Index No. 1:20-cv-00659-LJV) (*Hon. Lawrence J. Vilardo, Presiding*). A motion on an issue of this magnitude should not be decided absent a full and complete briefing, particularly where the decision could have a precedent effect on other pending decisions.

Tellingly, the Hon. Geoffrey Crawford granted the exact same extension requested here concerning the exact same motion to dismiss at issue here in one of the other pending COVID-19 coverage cases in the Western District of New York. See Hutch, (W.D.N.Y. Index No. 1:20-cv-00896-GWC) (Doc. 16; Doc. 16-1; Doc. 16-2; Doc. 17).

As for Plaintiffs' filing of the forty-five (45) page brief before the Court's ruling on the instant motion, Plaintiffs merely were attempting to follow the Western District of New York Local Rules (each a "Local Rule" and collectively the "Local Rules"). Local Rule 7(b)(2) states,

in pertinent part: "If the Court does not set deadlines by order, the following schedules shall apply[] . . . [t]he opposing party shall have fourteen (14) days after service of the motion to file and serve responding papers[.]"

While Plaintiffs timely filed the motion for a page extension pursuant to Local Rule 7(a)(2)(C), they did not want to be untimely and in violation of Local Rule 7(b)(2). As such, Plaintiffs filed their full brief, which, by its very contents and lack of superfluous arguments, demonstrates the very need for the extension applied for.

Accordingly, Plaintiffs respectfully request that the court grant Plaintiffs' motion for a page extension in its entirety. Plaintiffs also do not oppose Defendants' request for an extension of time for its reply brief to be due fourteen (14) days after the Court's decision on this motion.

Dated: Buffalo, New York
       October 29, 2020

DUKE HOLZMAN PHOTIADIS & GRESENS LLP

By: /s/ *Christopher M. Berloth*
Christopher M. Berloth
Thomas D. Lyons
*Attorneys for Plaintiffs*
*Kim-Chee LLC* and
*Yup-Chagi Inc. d/b/a*
*Master Gorino's Pil-Sung Tae-Kwon-Do*
701 Seneca Street, Suite 750
Buffalo, New York 14210
Tel: (716) 855-1111
cberloth@dhpglaw.com
tlyons@dhpglaw.com